William P. ROGERS, Attorney General of
the United States, Appellant,

v.

Walter SCHILLING, Appellee.

No. 14723.

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1959.

Decided May 21, 1959.

Mr. George B. Searls, Attorney, Department of Justice, with whom Mr. Irwin A. Seibel and Miss Sharon L. King, Attorneys, Department of Justice, were on the brief, for appellant. Mr. Victor R. Taylor, Attorney, Department of Justice, also entered an appearance for appellant.

Mr. Henry I. Fillman, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Isadore G. Alk, Washington, D. C., and Otto C. Sommerich, New York City, were on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an alien property case. Plaintiff-appellee, a German national, applied to the Attorney General for relief under Section 32 of the Trading With the Enemy Act,[1] claiming to be a persecuted person within the scope of the first proviso of Section 32(a) (2) (D).[2] The Attorney General, after hearing, found that plaintiff was not within the class intended to be benefited by that proviso, and refused to return plaintiff's vested property. Plaintiff then brought suit in the District Court, praying an adjudication of eligibility under the proviso. The Government moved to dismiss, and the District Court denied the motion. An interlocutory appeal was allowed under the provisions of 28 U.S.C.A. § 1292(b) (Supp. 1958).

---

1. Added by 60 Stat. 50 (1946), as amended, 50 U.S.C.A.Appendix, § 32.

2. " * * * *  Provided, That notwithstanding the provisions of this subdivision return may be made to an individual who, as a consequence of any law, decree, or regulation of the nation of which he was then a citizen or subject, discriminating against political, racial, or religious groups, has at no time between December 7, 1941, and the time when such law, decree, or regulation was abrogated, enjoyed full rights of citizenship under the law of such nation * * *."

Though this is not a direct attempt to compel the return of vested alien property, it is an effort to obtain judicial determination of a preliminary issue of a sort committed by Congress to agency discretion. As such, it is forbidden by Section 7(c) of the Act, and reliance cannot be placed on other legislation having no specific application to alien property, such as the Declaratory Judgment Act [3] and the Administrative Procedure Act.[4] See McGrath v. Zander, 1949, 85 U.S. App.D.C. 334, 177 F.2d 649; Legerlotz, v. Rogers, 1959, —— U.S.App.D.C. ——, 266 F.2d 457, and cases there cited. The complaint must be dismissed for lack of jurisdiction.

Remanded.

---

3. 28 U.S.C.A. § 2201 (Supp. 1958).

4. 60 Stat. 237 (1946), as amended, 5 U.S. C.A. §§ 1001–1009.